ney handling her case interrupted the trial court to ask additional questions of a witness after having relinquished the examination. In each of these instances the trial court freely allowed the attorney to proceed. There is no reason to credit defendant's argument that an attempt to offer rebuttal evidence would have been futile because the court would have refused to hear it. We therefore find that defendant waived her right to offer rebuttal evidence. Similar analysis leads us to conclude that she waived whatever right she may have had to make a closing argument. There was no fundamental error in the hearing that deprived the defendant of due process. We therefore conclude that the district court's decision cannot be reversed.

■■■ With respect to the award of attorney's fees under Rule 11, we find that the district court did not abuse its discretion. Defendant's reliance upon the American rule—that attorney's fees are not ordinarily recoverable—is misplaced. Put simply, this is not the ordinary case. The recently amended Rule 11 of the Federal Rules of Civil Procedure provides that the person signing any pleading, motion or other paper certifies that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is signed in violation of this rule, the court "shall" impose upon the person who signed it, or the represented party, or both, appropriate sanctions, which may include an order to pay the other party the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The present case could have been decided in two ways. The district court could have credited the testimony of Ms. Charles and found that the stipulation had never been authorized by her, or he could—as he did—credit the testimony of Ms. Charles' attorney and find that the stipulation had indeed been authorized by her and that the 60(b) motion was therefore brought solely for the purpose of causing delay. Under the clear language of Rule 11, the posture of this case re-

quired the district court to enter an appropriate sanction. He had the discretion to include in that sanction both costs and attorney's fees. In this decision the district court was clearly justified. Rule 11 directs that the sanction should fall upon the individual responsible for the filing of the offending document. In a given case this could be the attorney, the client, or both. In this case the evidence was sufficient to support the district court's implicit assumption that Ms. Charles was the catalyst behind this frivolous motion. The sanction therefore properly falls on her.

The decision of the district court is in all respects affirmed.

**Marvin FRANCOIS,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,
Respondent-Appellee.**

No. 83–5775.

United States Court of Appeals,
Eleventh Circuit.

May 28, 1985.

Joel N. Rosenthal, Miami, Fla., for petitioner-appellant.

Calvin Fox, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

## ON APPLICATION FOR RECALL OF MANDATE

Before FAY and ANDERSON, Circuit Judges, and MARKEY*, Chief Judge of the Federal Circuit.

PER CURIAM:

Appellant's emergency motion for recall of the mandate is DENIED.

**Marvin FRANCOIS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

No. 85–5430.

United States Court of Appeals, Eleventh Circuit.

May 28, 1985.

Alton G. Pitts, Michael Bowling, Orlando, Fla., Steven H. Malone, St. Petersburg, Fla., for petitioner-appellant.

Calvin Fox, Carolyn Snurkowski, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

BY THE COURT:

Before the court are appellant's motions for certificate of probable cause, for stay of execution pending appeal, and for oral argument. We DENY the certificate of probable cause. We DENY the motion for

---

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sitting by designa-     tion.